1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Federal Deposit Insurance Corporation solely as Receiver for Wheatland Bank,<br><br>        Plaintiff,<br><br>vs.<br><br>Douglas Gannett and Kathryn Gannett, husband and wife,<br><br>        Defendants. | No. CV10-02726-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court is Defendant Kathryn Gannett's Motion to Dismiss (Doc. 9). The Court now rules on the Motion.

**BACKGROUND**

This case arises from an alleged breach of contract by Defendant Douglas Gannett. For a Rule 12(b)(6) Motion, all the well-pleaded allegations of the Complaint are deemed true. *Movsesian v. Victoria Versicherung AG*, 629 F.3d 901, 905 (9th Cir. 2010). On or about October 1, 2008, Wheatland Bank made a loan of $130,000 to 2nd Ave. Holdings, LLC. Defendant Douglas Gannett, manager of 2nd Ave. Holdings, made a personal guaranty of the loan. At that time, both Douglas Gannett and his wife, Defendant Kathryn Gannett, were domiciled in Illinois, although they are now residents of Arizona.

2nd Ave. Holdings defaulted on the loan, and Douglas Gannett failed to pay as guarantor. Plaintiff Federal Deposit Insurance Corporation ("FDIC-R"), solely as Receiver

for Wheatland Bank, has filed this action seeking judgment for $125,000 plus continuing interest, attorneys' fees, costs, and such other relief as the Court deems just. FDIC-R seeks to collect against the separate and community property of Douglas Gannett.

FDIC-R asserts that Kathryn Gannett is joined solely to ensure compliance with A.R.S. § 25-215(D) to the extent that recovery under the guaranty may be from the Gannetts' community property. No judgment is sought against the separate property of Kathryn Gannett.

## **LEGAL STANDARD**

Kathryn Gannett has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims against her. The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 556 n.3 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure

1  §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## **ANALYSIS**

Kathryn Gannett argues that FDIC-R has failed to state a claim against her as a matter of law. In support of its claim, FDIC-R cites A.R.S. § 25-215(D), which reads, "Except as prohibited in § 25-214, either spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly. . . ." Ariz. Rev. Stat. Ann. § 25-215(D) (2007). FDIC-R offers no other grounds in its Complaint for relief against Kathryn Gannett.[1] "In determining the propriety of a Rule

---

[1]Although not raised in the Complaint, FDIC-R now asserts that Illinois law should control the Court's analysis. While the Response makes first mention of this argument, it

1  12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

The exception to § 25-215(D) is § 25-214, which reads, in relevant part, "Either spouse separately may acquire, manage, control or dispose of community property or bind the community, except that joinder of both spouses is required in . . . [a]ny transaction of guaranty, indemnity or suretyship." Ariz. Rev. Stat. Ann. § 25-214(C) (2007). "Joinder" in this section refers not to joinder of parties under Federal Rules of Civil Procedure 19 or 20, but to the execution of the guaranty. *See Rackmaster Sys., Inc. v. Maderia*, 193 P.3d 314, 317 (Ariz. Ct. App. 2008). The plain meaning of § 25-214(C) is that both spouses must sign a guaranty in order to bind the community under Arizona law. *See id.*; *Citibank (Arizona) v. Van Velzer*, 982 P.2d 833, 837 (Ariz. Ct. App. 1998), *cited with approval in Butler v. IMA Regiomontana S.A. de C.V.*, No. 98-16735, 2000 WL 127125, at *7 n.6 (9th Cir. Feb. 3, 2000).

The Complaint does not allege that Kathryn Gannett was a party to the guaranty. The guaranty does not bear her signature (Doc. 1-1). Kathryn Gannett was joined solely to comply with the requirements of § 25-215(D) regarding recovery against community property, but § 25-214(C) makes clear that such recovery is impossible without her signature on the guaranty. A.R.S. § 25-215(D) therefore cannot be the basis for this claim against Kathryn Gannett, and the Court will grant Kathryn Gannett's Motion to Dismiss.

Accordingly,

**IT IS ORDERED** GRANTING Defendant Kathryn Gannett's Motion to Dismiss

---

does not cite to any Illinois law. Furthermore, the Illinois statute referenced in oral argument—750 Ill. Comp. Stat. 65/12 (2011)—does not appear to apply to this case. While it does speak to one spouse binding the other in contracts and encumbrances, it is expressly limited to situations where a court has granted special powers to one spouse following the imprisonment of or abandonment by the other spouse. *See id.*; 750 Ill. Comp. Stat. 65/11 (2011). Because FDIC-R has not cited to any relevant Illinois law in support of its claim, the Court will not consider FDIC-R's Illinois law argument.

- 4 -

1 | (Doc. 9). Mrs. Gannett shall be dismissed as a party.
2 | DATED this 13th day of July, 2011.

_____
James A. Teilborg
United States District Judge